THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN A. McCALL, JR., APPELLANT, v. GEORGE W. GILBERT, RESPONDENT.

*What acts can be done by agents of a foreign insurance company without procuring a certificate under the act of 1853, chapter 466, section 23, as amended by chapter 555 of 1875.*

In this action, brought to recover penalties imposed by section 23 of chapter 466 of 1853, as amended by chapter 555 of 1875, upon agents acting for foreign insurance companies, without procuring from the superintendent of the insurance department a certificate of authority stating that the company has complied with all the requirements of the act, it was alleged in the complaint that the defendant, at the city of New York, without procuring the statutory certificate, unlawfully acted for the City Fire Insurance Company of Pittsburgh, organized under the laws of the State of Pennsylvania, and not incorporated under the laws of this State, in the transaction of the business of fire insurance on property located in New York, "in that he did * * * adjust a certain loss or indebtedness of the said City Fire Insurance Company," on a policy of insurance on property in the city of New York, and that "in making such adjustment the defendant was acting by the direction of and under the employment of the said fire insurance company as its agent for that purpose."

*Held*, that a demurrer, interposed by the defendant on the ground that the facts stated did not constitute a cause of action, should be sustained.

That in adjusting the loss the agent was not "transacting the business of fire or inland navigation insurance in this State," as these words were used in the said section.

That the adjustment of a loss is merely a means of ascertaining the amount of an admitted indebtedness, and that the legislature did not intend to prohibit such adjustments by uncertificated agents of fire insurance companies of other States and foreign countries, where there appeared to be nothing unlawful in the contract out of which the indebtedness had arisen.

Appeal by the plaintiff from a judgment entered upon an order sustaining a demurrer interposed to the complaint.

*Raphael J. Moses, Jr.*, for the appellant.

*Thomas Darlington*, for the respondent.

Bartlett, J. :

This appeal presents the question whether an uncertificated agent of a fire insurance company which is not incorporated under the laws of this State, can legally adjust a loss here under a policy of that company on property in the city of New York.

Section 23 of chapter 466 of the Laws of 1853, as amended by chapter 555 of the Laws of 1875, provides that it shall not be lawful for any fire insurance company incorporated under the laws of any other State or any foreign government. directly or indirectly, to take risks or transact any business of insurance in this State unless possessed of the capital required of similar companies here. Other important requirements are also imposed by the statute An attorney in this State must be appointed upon whom process of law may be served. A copy of the charter or deed of settlement, a statement containing many particulars concerning the condition of the company, and a copy of its last annual report must be filed in the office of the superintendent of the insurance department. A deposit must be made with that officer, by foreign corporations for the benefit and security of policyholders residing in this country. Then we come to the prohibition concerning agents (Session Laws of 1875, p. 625) which is in these words : " Nor shall it be lawful for any agent or agents to act for any company or companies referred to in this section, directly or indirectly, in taking risks or transacting the business of fire or inland navigation insurance in this State, without

procuring from the Superintendent of the Insurance Department a certificate of authority stating that such company has complied with all the requisitions of this act which apply to such companies, and the name of the attorney appointed to act for the company."

Under the statute a penalty is recoverable from any agent who violates this provision, and the present action is brought to recover a number of such penalties.

The complaint charges that the defendant, at the city of New York, without procuring the statutory certificate, unlawfully acted for the City Fire Insurance Company, of Pittsburgh, which is organized under the laws of the State of Pennsylvania, and not incorporated under the laws of this State, in the transaction of the business of fire insurance on property located in New York, " in that he did   *   *   *   adjust a certain loss or indebtedness of the said City Fire Insurance Company" on a policy of insurance on property in the city of New York; and that "in making such adjustment the defendant was acting by the direction of and under the employment of the said fire insurance company as its agent for that purpose."

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and his demurrer was sustained at Special Term. This decision was right unless the adjustment of a loss is "transacting the business of fire or inland navigation insurance," within the meaning of the statute. We do not think these words were used with the intent to prevent the fire insurance companies of other States or foreign countries from employing agents to take the necessary steps to pay their debts here. The complaint speaks of the subject of the adjustment as "a certain loss or indebtedness." A liability has accrued against the Pennsylvania corporation arising out of insurance on New York property. There is nothing to show that the contract of insurance was not made under such circumstances as to be perfectly legal. The policy may have been issued in Pennsylvania to citizens of that State on property situated in New York. If lawfully issued there, the insurers would be liable here. (*Hope Mutual Life Ins. Co.* v. *Perkins*, 38 N. Y., 404, 408.) Being under an obligation, therefore, to pay something, the company employed an agent to ascertain how much it ought to pay, by investigating, the extent

of the loss in the locality where it occurred. It does not seem to us that the statutory prohibition was aimed at such acts as this. The purpose of the statute is an important consideration in passing upon the question presented here. It was designed to afford our own citizens security in dealing with the fire insurance companies of other States and foreign countries, which were allowed to be represented in this State by agents who effected insurance in their behalf. Foreign insurance corporations were not to be permitted to come here into our own territory and solicit business and take risks, unless they would submit to certain conditions imposed for the benefit of those who might deal with them. If they make legal contracts elsewhere, however, relating to property in this State, it is not an advantage but an injury to the New York property owner to prohibit them from fulfilling such contracts here. Indeed there might be some question how far the power of the legislature extends in this direction. So that if we consider the evident object sought to be attained by the statute it would seem that the adjustment of a loss and indebtedness is not within the purview of the prohibition, which was intended not as a protection to New York insurance companies against outside competition, but as a safeguard to those seeking insurance in outside companies represented within the State.

We are referred to an opinion written by the attorney-general in 1882, in which he advised the superintendent of the insurance department that the provision of the statute, relating to uncertificated agents, covered the adjustment of a loss "to the extent that the act is designed as an evasion of the statutory prohibition." This qualification deprives the opinion of its principal force as an argument in the present case, for the complaint here contains nothing as to the intent of the defendant. Mr. Russell says that the adjustment of a loss is as much a part of the business of insurance as the soliciting of insurances. In one sense this is true, just as it would be to say that the payment of its debts is as much a part of the business of an insurance company as the issuing of policies. The adjustment of a loss is merely a means of ascertaining the amount of an admitted indebtedness, and we do not think the legislature has prohibited such adjustments by uncertificated agents of fire insurance companies of other States and foreign countries, where

there appears to be nothing unlawful in the contract out of which the indebtedness has arisen.

It is also suggested that this construction gives effect only to the prohibition against "taking risks," and none to that contained in the words "or transacting the business of fire and inland navigation insurance in this State." As to this point, it is sufficient to say, that in addition to taking risks, the business of insurance involves many other matters to which the foregoing clause may apply, without reference to the adjustment of losses.

The judgment appealed from should be affirmed with costs.

Lawrence, J., concurred.

Judgment affirmed, with costs.